IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01708–WJM–KMT

ESTATE OF CHAD ALEXANDER BURNETT,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, a municipality,
SERGEANT MICHAEL INAZU, in his individual capacity,
OFFICER JOSEPH DAIGLE, in his individual capacity,
OFFICER MATTHEW FLEMING, in his individual capacity, and
OFFICER CAROLINE BARTH, in her individual capacity,

    Defendants.

## ORDER

Before the court is Defendants' "Motion for Protective Order and to Vacate Deadline to File a Scheduling Order." (["Motion"], Doc. No. 13.)  Plaintiff has responded in opposition to the Motion, and Defendants have replied.  (["Response"], Doc. No. 21; ["Reply"], Doc. No. 25.)  For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

This case arises from the death of an unarmed individual, Chad Alexander Burnett ["Mr. Burnett"], subsequent to a physical confrontation with the police in Colorado Springs, Colorado. (["Amended Complaint"], Doc. No. 29 at 1-2.)  According to the Amended Complaint, on May 24, 2020, the four individual Defendants, all of whom are Colorado Springs Police Department

["CSPD"] officers, unlawfully entered Mr. Burnett's home and "immediately restrained" him, despite the fact that he did not have a weapon and "offered only passive resistance." (*Id.*) Shortly thereafter, Officer Caroline Barth reportedly "charged into the house" and "discharged her taser into Mr. Burnett's abdomen," causing him to fall to the ground "in severe distress." (*Id.* at 2.) According to the Amended Complaint, as the CSPD officers then attempted to remove Mr. Burnett from his house, Officer Joseph Daigle "flipped Mr. Burnett onto his stomach and got on top of him," telling Mr. Burnett: "Now we're going to do it our way. The easy way is over with." (*Id.*) Moments later, Mr. Burnett reportedly "lost consciousness and stopped breathing." (*Id.*) It is alleged that the four individual Defendants then "let Mr. Burnett lie dying for an additional five minutes before initiating CPR," even though "it was obvious that he was experiencing a serious deterioration in his health." (*Id.* at 2-3.) Mr. Burnett, who was "limp and unconscious," reportedly then "died on his living room floor." (*Id.* at 3.)

Based on these events, on June 22, 2021, Mr. Burnett's estate ["Plaintiff"] commenced this federal civil rights lawsuit, pursuant to 42 U.S.C. § 1983, lodging claims against the City of Colorado Springs and the four individual Defendants—Sergeant Michael Inazu, Officer Joseph Daigle, Officer Matthew Fleming, and Officer Caroline Barth. (Doc. No. 1.) On December 14, 2021, Plaintiff filed an Amended Complaint, asserting the following causes of action: (1) a Fourth Amendment unlawful search claim against all Defendants; (2) a Fourth Amendment excessive force claim against all Defendants; (3) a Fourth Amendment deliberate indifference claim against all Defendants; (4) a municipal liability claim against the City of Colorado Springs; and (5) a federal disability discrimination claim against all Defendants. (Am. Compl. 25-36.) Plaintiff asserts its claims against the individual Defendants, in their individual capacities only.

(*Id.* at 1.) In its operative pleading, Plaintiff requests unspecified declaratory and injunctive relief, as well as monetary damages. (*Id.* at 37.)

On January 14, 2022, Defendants responded to the allegations against them by filing a motion to dismiss the Amended Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 33.) In the present Motion, Defendants ask to stay the case, pending resolution of the motion to dismiss. (Mot. 1.) Defendants argue that a discovery stay is warranted here, because the individual Defendants have all invoked qualified immunity as to the claims asserted against them, and because all relevant factors weigh in favor of a stay. (*Id.* at 2-5.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or.*

*Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

**ANALYSIS**

In this case, as to the first factor, Plaintiff contends that it would be "significantly prejudiced" by the imposition of a stay, given the "grave constitutional violations alleged in this matter." (Resp. 6-7.) Plaintiff is adamant that it "deserves answers to the questions of why Mr. Burnett died and whether anyone or any entity will be held accountable." (*Id.* at 7.) In addition, Plaintiff posits that a discovery stay, if granted here, "could easily last six months or more," an amount of time which it claims "would be particularly injurious" to its ability to prevail on its claims. (*Id.* at 8.) Defendants, for their part, argue that Plaintiff's interest in conducting

4

discovery at this time is "limited" to the "general" interest, shared by "virtually all plaintiffs," to "proceed[] expeditiously with discovery." (Mot. 3.) In making that argument, Defendants stress that this case is in early stages, a scheduling order has not yet been entered, and no trial dates have been set. (*Id.*) Given that Plaintiff has an interest in proceeding expeditiously, however, the court finds the first factor to weigh against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months"); *accord Breckenridge v. Vargo*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016) (noting that, in this District, "a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more").

As to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, primarily because the four individual Defendants have each asserted qualified immunity defenses to all of Plaintiff's claims. (Mot. 3-4; *see* Doc. No. 33 at 6-12.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the

plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration. *See Raven v. Williams*, No. 1:19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's qualified immunity defense).

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for equitable relief, and it does not shelter municipalities from § 1983 liability. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). In this case, Plaintiff requests equitable relief in addition to monetary damages, and it lodges claims against the City of Colorado Springs, in addition to its claims against the individual Defendants. (Am. Compl. 25-37.)

However, there is no question that allowing limited discovery to proceed as to certain claims would effectively rob the individual Defendants of their qualified immunity defenses. Indeed, the court agrees with Defendants that the claims in this case "are inextricably intertwined." (Mot. 4.) For instance, Plaintiff's Fourth Amendment claims against the City of Colorado Springs, which would not be subject to qualified immunity, would result in the discovery of the same information that would be relevant to its Fourth Amendment claims for monetary damages against the individual Defendants, which potentially would be subject to

6

qualified immunity. Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such a scenario would be inappropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Accordingly, the second factor supports the imposition of a stay. *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Motion for Protective Order and to Vacate Deadline to File a Scheduling Order" (Doc. No. 13) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the "Motion to Dismiss, or Alternatively, Partial Early Motion for Summary

Judgment" (Doc. No. 33.)  The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the initial case deadlines should be reset.

Dated this 25th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge