**EXHIBIT O**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No:  21-cv-1708-WJM-MDB

ESTATE OF CHAD ALEXANDER BURNETT,

     Plaintiff,

v.

CITY OF COLORADO SPRINGS, a municipality;
SERGEANT MICHAEL INAZU, in his individual capacity
OFFICER JOSEPH DAIGLE, in his individual capacity;
OFFICER MATTHEW FLEMING, in his individual capacity; and
OFFICER CAROLINE BARTH, in her individual capacity,

     Defendants.

---

### PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANTS' INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO PLAINTIFF

---

Plaintiff Estate of Chad Burnett, by and through counsel, hereby submits the following first supplemental responses to Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions:

### PRELIMINARY STATEMENT

These Responses and objections are based upon information presently known and available to Plaintiff. Plaintiff will supplement these responses with additional information should additional information become available to it. These Responses are made solely for the purpose of this action. Each response and/or document produced is subject to all objections as to competence, relevance,

1

materiality, propriety and admissibility, and any and all other objections and/or grounds that would require exclusion of any documents, or portions thereof, produced herewith, all of which objections and grounds are reserved and may be interposed at the time of trial. Plaintiff further reserves the right to assert any applicable objections to the disclosure of any information or documents, or to the introduction of the responses or any information contained therein, as evidence at any subsequent stage of this proceeding.

## RESPONSES TO INTERROGATORIES

**1.    State the following information as to the DECEDENT:**

   **a.    Full name,**

   **b.    Any other names by which DECEDENT had been known and the dates DECEDENT was known by that name,**

   **c.    The date and place of DECEDENT's birth,**

   **d.    Whether DECEDENT was ever married, and, if so, the name and date of birth of DECEDENT's spouse(s), as well as the date of any marriage(s) and the date of any legal separations or divorce(s),**

   **e.    The names and ages of DECEDENT's children,**

   **f.    DECEDENT's address for five (5) years prior to the INCIDENT, and**

   **g.    DECEDENT's Social Security number.**

## PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 1

Plaintiff objects to this Interrogatory on the grounds that it seeks evidence that is disproportionate to the needs of the case. Specifically, information related to Mr. Burnett's address dating back five years is overbroad, and Mr. Burnett's social security number has no bearing on the Parties' claims or defenses or damages in this case. To preserve Mr. Burnett's privacy, his social

security number is being withheld.

Without waiving these objections, Plaintiff states the following in response to this interrogatory: (a) Decedent's full name was Chad Alexander Burnett; (b) he was not known by any other names; (c) he was born on August 16, 1970; (d) Mr. Burnett was previously married to Kathryn Ann Kring Gordon on September 25, 1999, and the couple divorced at some point in approximately 2012 or 2013; (e) Mr. Burnett did not have any known children; and (f) Mr. Burnett lived at 2749 Ashgrove St., Colorado Springs, CO between August 2018 and May 24, 2020.

**2.     Please describe the DECEDENT's educational background, to include school, college, technical trade, or vocational school training, from and including high school to the date of the INCIDENT, including in such description the following:**

> **a.     Name and address of the institution;**
>
> **b.     The inclusive dates of attendance at the institution;**
>
> **c.     The type of diploma or certificate which the DECEDENT received at the conclusion of his studies or, if he terminated his studies prior to conclusion, towards which he was working; and**
>
> **d.     His reasons for terminating the program or attendance at the institution.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 2:**

Mr. Burnett attended the following institutions on the following dates and earned a high school diploma in May 1988:

- July 1983-May 31, 1985: Colorado Springs School, 21 Broadmoor Ave., Colo. Springs, CO.
- August 1985-May 1986: Catholic High School, 228 N. Cascade Ave., Colo. Springs, CO.
- August 1986-May 1988: Orme School, 1000 Orme School Rd., Mayer, AZ.

3.      State the names and addresses of the DECEDENT's past employers, including

self- employment, for the ten (10) years preceding the INCIDENT, including the following:

      a.      Approximate starting and termination dates of each such employment;

      b.      The title or titles he held at such employment;

      c.      His general nature of duties at such employment;

      d.      The name of his immediate supervisor at the time of his termination at

such employment;

      e.      the DECEDENT's approximate gross monthly or, if more

appropriate, hourly earnings (designate which);

      f.      Number of hours the DECEDENT worked monthly; and

      g.      The reason for his leaving such employment (if applicable).

## PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 3:

Plaintiff states that Mr. Burnett worked as a Product Line Manager at Colorado Cyclist, Inc.,

between approximately 1997 and 2019 when he retired. Additionally, Mr. Burnett owned his own

company, Chaz Pro Bike Fit, beginning in approximately November 2019 until his untimely death

on May 24, 2020. Plaintiff Estate does not currently know Mr. Burnett's gross monthly income or

how many hours he worked at each job.

4.      State whether the DECEDENT received any income from any investments,

gifts and bequests, or other sources during the five (5) years prior to the INCIDENT and, if

so, set forth:

      a.      The source and dates of such income,

      b.      The amounts of said income, year by year, and

    c.  **The expenses incurred in connection with the receipt of said income.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 4:**

  Plaintiff Estate objects to this interrogatory on grounds that it is temporally and substantively overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Plaintiff Estate cannot be expected to remember with this level of specificity five years of income information for Mr. Burnett.

  Without waiving these objections, Plaintiff states that Mr. Burnett was the beneficiary of his mother's estate. Pikes Peak Probate Services distributed the funds for his Mother's estate. Pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs Defendants to the financial statements provided with these discovery responses.

  **5.**  **Did any person contribute to the support and maintenance of the DECEDENT? If so, give:**

    a.  **The names and addresses of all such person and their relationship as to the DECEDENT.**

    b.  **The amount contributed to the DECEDENT in each year during the five (5) years prior to the INCIDENT.**

    c.  **Describe any documents supporting such contribution of support and maintenance.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on grounds that it is temporally overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Additionally, Plaintiff objects to this interrogatory on the grounds that the terms "support" and "maintenance" are vague and ambiguous.

Without waiving these objections, Plaintiff Estate is not aware of any person contributing to Mr. Burnett's support or maintenance.

6. **Did the DECEDENT, or any member of the DECEDENT's family, keep records or accounts of DECEDENT's personal, business or family expenses. If so, describe:**

   a. **The records or accounts,**

   b. **State the name and address of each person or organization presently having custody of such records or accounts.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory on grounds that it is substantively and temporally overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Additionally, the term "family expenses" is vague and ambiguous.

Without waiving these objections, Plaintiff Estate is not aware of Mr. Burnett or any member of his family keeping records of Mr. Burnett's personal, business, or family expenses.

7.     During the ten (10) years preceding death, were Federal or State income tax returns filed by or on behalf of DECEDENT or any business or corporation that DECEDENT was an officer or agent? If so, please state:

      a.     The tax year for such income tax returns, and

      b.     The gross amount of income claimed.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff Estate objects to this interrogatory on grounds that it is temporally and substantively overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Plaintiff Estate cannot be expected to know whether Mr. Burnett filed Federal or State tax returns in the ten (10) years preceding his death. Plaintiff Estate reserves the right to supplement this response should additional information become available.

8.     State the names, addresses, relationship to DECEDENT, and the dates of birth of all persons who are claimed to have been dependent in whole or in part, upon DECEDENT for their support, maintenance, or education at the time of DECEDENT's death.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff Estate is not aware of any individuals dependent in whole or in part upon Mr. Burnett for support, maintenance, or education at the time of his death.

9.     As to each allegedly dependent person identified in answer to Interrogatory 8 above, state:

      a.     Which, if any, regularly received money from the DECEDENT,

      b.     With respect to each, state separately the amounts received and in what form such amounts were received in each of the five (5) years preceding the DECEDENT's death, and

       **c.**       **Describe any documents supporting the money alleged to have been received.**

## PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 9:

Plaintiff Estate is not aware of any individuals dependent in whole or in part upon Mr. Burnett for support, maintenance, or education at the time of his death.

     **10.**      **Set forth any amount spent by DECEDENT in each of the three (3) years preceding death for each of the following categories of expense:**

       **a.**       **Rental and upkeep of a residence,**

       **b.**       **Food,**

       **c.**       **Clothing,**

       **d.**       **Education,**

       **e.**       **Transportation,**

       **f.**       **Entertainment,**

       **g.**       **Taxes,**

       **h.**       **Interest,**

       **i.**       **Child support,**

       **j.**       **Alimony, and**

       **k.**       **Habits, hobbies, and other personal expenses.**

## PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 10:

Plaintiff objects to this interrogatory on grounds that it is substantively overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft*

*Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Plaintiff Estate cannot be expected to know with this level of specificity all of Mr. Burnett's spending habits for the three years preceding his death. Plaintiff Estate is not aware of Mr. Burnett spending any amount on the following categories: education, child support, and alimony. Mr. Burnett may have spent money toward the other categories listed, but Plaintiff Estate does not have sufficient information in its custody or control to answer with specificity.

**11.      Describe any assets and liabilities of DECEDENT's estate to include:**

      **a.      Identify the particular asset and/or liability,**

      **b.      Identify the type of asset and/or liability,**

      **c.      Identify documents to support such asset and/or liability.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory on grounds that it is substantively overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. Without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff Estate directs Defendants to the financial records produced with these discovery responses.

**12.      As to any economic losses which are claimed as damages, please state:**

      **a.      The type of economic loss claimed,**

      **b.      The amount of economic loss claimed and the method of calculation, and**

      **c.      Describe any documents supporting the alleged economic loss.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff Estate objects to this interrogatory in that Mr. Burnett's life was cut abruptly short. The subject of his earnings capacity is therefore subject to expert analysis and may be supplemented

up to and including the date of trial based on discovery of further information. Subject to and without waiving these objections, Plaintiff Estate states that it intends to seek economic damages for medical bills, ambulance bills, the cost of Mr. Burnett's burial (approximately $1,445) and lost future earnings in amounts not yet determined. Plaintiff reserves the right to supplement and amend the economic damages in this case as appropriate, and that such economic damages are exclusive of attorney's fees and costs, which Plaintiff intends to seek at trial, and which continue accrue.

**13.     State the total amount of all expenses, including medical bills, burial and funeral expenses, which were paid or incurred as a result of the death of DECEDENT. List in detail each item of such expense, the date and manner of payment, the name of each person paying such expense or any part thereof, and the name and address of each person to whom payment was made.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff Estate states that Pikes Peak Probate paid approximately $1,445 for Mr. Burnett's cremation out of Mr. Burnett's Mother's estate. Plaintiff's investigation into Mr. Burnett's additional medical and/or burial and funeral expenses is ongoing, and Plaintiff reserves the right to supplement and amend the expenses in this case as appropriate.

**14.     At the time of the INCIDENT, did DECEDENT have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each condition state:**

**a.     the nature of the disability or condition; and**

**b.     the manner in which the disability or condition contributed to the occurrence of the INCIDENT.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff Estate objects to this interrogatory on grounds that it is vague and ambiguous in its use of the terms "occurrence" and "condition," and it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). The jurisprudence is well-settled that in cases alleging violation of § 1983, the eggshell doctrine applies. The eggshell doctrine "provides that a tortfeasor takes its victim as it finds him. Thus, a tortfeasor is fully liable for any damages resulting from its wrongful act even if the victim had a pre-existing condition that made the consequences of the wrongful act more severe for him than they would have been for a person without the condition." *O'Neal v. Bd. of Cty. Commissioners of Cty. of Fremont*, No. 16-CV-01005-TMT-KLM, 2020 WL 2526782, at *10 (D. Colo. May 18, 2020) (quotations omitted). Because of the eggshell doctrine, Defendants are precluded from arguing against liability or for reducing damages based on any of Mr. Burnett's pre-existing medical conditions. Because this interrogatory seeks irrelevant, highly sensitive information, Plaintiffs further objects on grounds that such interrogatory is interposed for improper purpose, is harassing, and constitutes an invasion of privacy of Mr. Burnett.

Subject to and without waiving these objections, Plaintiff Estate states that Mr. Burnett had a mental health diagnosis. Pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs Defendants to the medical records produced with these discovery responses. Plaintiff Estate does not currently have information responsive to subpart (b).

**15.    Please set forth the following as to each and every HEALTH CARE PROVIDER consulted by DECEDENT in the ten (10) years prior to his death:**

11

      **a.**      **The date and place of such consultation or treatment;**

      **b.**      **The reason for such consultation or treatment; and**

      **c.**      **The name and ADDRESS of the HEALTH CARE PROVIDER.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff Estate objects to this interrogatory on grounds that it is temporally and substantively overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Plaintiff Estate further objects to this interrogatory to the extent that it seeks information protected by the psychotherapist-patient privilege and interferes with Plaintiff's statutorily recognized privacy interest in one's medical care and medical records. *See Jaffee v. Redmond*, 518 U.S. 1 (1996) (recognizing psychotherapist-patient privilege); Health Insurance Portability and Accountability Act (HIPAA), 110 Stat. 1936, 104 P.L. 191, § 1177 (1996). Whether Mr. Burnett sought psychiatric or psychological counselling or treatment has no bearing on liability or damages in this case, and "[e]ffective psychotherapy… depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). "Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace." *Id.* As a result, courts have long observed that psychotherapist records should be precluded from discovery. *See id.* Public policy militates against discovery of psychotherapist records because "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Id.*

Without waiving these objections, Plaintiff provided the relevant health care provider information in its Rule 26(a) disclosures. Additionally, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs Defendants to the medical records provided with these discovery responses.

**16.    Please set forth any medication(s), prescribed or not, taken by DECEDENT in the ten (10) years prior to his death. For each medication please state:**

      **a.    The name;**

      **b.    The PERSON who prescribed or furnished it;**

      **c.    The date prescribed or furnished;**

      **d.    The name and ADDRESS of the pharmacy or other provider who filled or provided the medication;**

      **e.    The frequency DECEDENT took the medication; and**

      **f.    The dates DECEDENT began and stopped taking it.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff Estate objects to this interrogatory on grounds that it is temporally and substantively overbroad and not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Chiefly, whether Mr. Burnett was taking and prescription medications for preexisting medical maladies has no bearing on Defendants' liability or the calculation of damages in this case. The jurisprudence is well-settled that in cases alleging violation of § 1983, the eggshell doctrine applies. The eggshell doctrine "provides that a tortfeasor takes its victim as it finds him. Thus, a tortfeasor is fully liable for any damages resulting from its wrongful act even if the victim had a pre-existing condition that made the consequences of the

wrongful act more severe for him than they would have been for a person without the condition." *O'Neal v. Bd. of Cty. Commissioners of Cty. of Fremont*, No. 16-CV-01005-TMT-KLM, 2020 WL 2526782, at *10 (D. Colo. May 18, 2020) (quotations omitted). Because of the eggshell doctrine, Defendants are precluded from arguing against liability or for reducing damages based on any of Mr. Burnett's prescription drug history.

Subject to and without waiving these objections, Plaintiff Estate directs Defendants to the documents provided with these discovery responses reflecting Mr. Burnett's prescription medications. Plaintiff Estate does not have information dating back ten years for medications taken by Mr. Burnett.

**17.    Please state whether the DECEDENT had ever consulted or been treated by a psychologist, psychiatrist, counselor, and/or other mental health professional. If so, please state:**

**a.    The date and place of such consultation or treatment;**

**b.    The reason for such consultation or treatment; and**

**c.    The name and ADDRESS of the psychologist, psychiatrist, counselor, and/or other mental health professional.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff Estate objects to this interrogatory on the grounds that it seeks information that is temporally overbroad and not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Plaintiff Estate further objects on the grounds of invasion of privacy and based on the psychotherapist-patient

privilege. Whether Mr. Burnett sought ever psychiatric or psychological counselling or treatment in his lifetime has no bearing on liability or damages in this case, and "[e]ffective psychotherapy… depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). "Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace." *Id.* As a result, courts have long observed that psychotherapist records should be precluded from discovery. *See id.* Public policy militates against discovery of psychotherapist records because "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Id.*

Plaintiff Estate directs Defendants to its Rule 26(a) disclosures already provided in this matter. Additionally, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs Defendants to the medical records provided with these discovery responses. Plaintiff does not have knowledge of Mr. Burnett's mental health services beyond what has already been disclosed in this matter.

**18.    Please state whether the DECEDENT had ever been diagnosed and/or treated for alcoholism, narcotic addiction, and/or substance use and/or abuse of any kind. If so, please state:**

      **a.    The name and ADDRESS of such institution;**

      **b.    The dates confined;**

      **c.    The purpose for entry; and**

      **d.    The name and ADDRESS of the HEALTH CARE PROVIDER treating DECEDENT for such condition.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff Estate objects to this interrogatory for the same reasons identified in response to Interrogatory No. 17. Plaintiff Estate further states that this interrogatory seeks irrelevant information that is both harassing, oppressive, and an invasion of privacy. Subject to and without waiving these objections, Plaintiff Estate states that it is not aware of Mr. Burnett ever receiving treatment for alcoholism or substance abuse, and therefore Plaintiff does not have information responsive to the subparts of this interrogatory. Plaintiff Estate further states that Mr. Burnett voluntarily attended Alcoholics Anonymous ("AA") meetings, but Plaintiff does not have information about the dates he attended AA meetings or where the meetings were held.

19.     **Had the DECEDENT ever applied for or been enrolled in Medicare Part A or B, Social Security Disability benefits or Medicaid benefits?  If so, please state:**

a.     **The nature of the condition that formed the basis of the application or enrollment;**

b.     **The date of such application or enrollment;**

c.     **The outcome of the application or enrollment;**

d.     **Whether the DECEDENT had been issued a Medicare or Medicaid card;**

e.     **Any claim numbers related to such applications or enrollments; and**

f.     **Whether there are any liens or rights of substitution by Medicare, Social Security or Medicaid for any settlement, judgment or recovery you may receive on behalf of the DECEDENT as a result of the INCIDENT.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff Estate does not have knowledge regarding whether Mr. Burnett ever applied for or enrolled in Medicare Part A or B, Social Security Disability benefits or Medicaid benefits.

20.     Within 30 days before the INCIDENT, did the DECEDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, state:

    a.     the nature or description of each substance;

    b.     the quantity of each substance used or taken;

    c.     the date and time of day when each substance was used or taken;

    d.     the address where each substance was used or taken;

    e.     the name, address, and telephone number of each person who was present when each substance was used or taken; and

    f.     the name, address, and telephone number of any Health Care Provider that prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff Estate objects to this interrogatory on the grounds that it seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Subject to and without waiving these objections, Plaintiff directs Defendants to records within its custody and control, including CITY-DEFS-000594-604.

21.     State whether DECEDENT ever had an account or participated, posted, messaged, commented, or communicated in any form (including but not limited to status updates, wall comments and postings, profiles, activity streams, blog entries, etc.) on any

social media site, social networking site, online forum or blog (hereinafter "social media")[2] and if so, please state:

    a.    **The name of the social media site;**

    b.    **The name of DECEDENT's account on the social media site;**

    c.    **Whether anything from the social media site, since the INCIDENT, has been deleted;**

    d.    **If anything has been deleted from the social media site, provide the general subject matter of what was deleted;**

    e.    **If anything has been restricted or has had restrictions increased on access to the  social media site; and**

    f.    **The reason for any deletion or restriction of access to the social media site.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this interrogatory on grounds that it is substantively overbroad and seeks information that is not relevant to any party's claims or defenses nor proportional to the needs of the case. When a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). Mr. Burnett's social media accounts have no bearing on the circumstances surrounding Chad Burnett's death or the damages sought in this case as communications found in these accounts or on webpages were unknown to Defendants on May 24, 2020 and therefore could not have informed any of their actions or decisions. Likewise, any communications found in Chad Burnett's accounts or on the web preceded his unexpected death, and therefore shed no light on the events giving rise to Defendants' liability in this lawsuit. Communications found in Mr. Burnett's web pages have no impact on the damages resulting from

his untimely death. Such inquiries into digital footprint are also not reasonably calculated to uncover relevant witnesses or information and appears to be nothing more than a fishing expedition in the attempt to malign Mr. Burnett before a jury or in the court of public opinion. For these reasons as well, Plaintiff further object on grounds that such interrogatory is interposed for improper purpose and harassing and constitutes a serious invasion of privacy. Plaintiff also objects to the extent that this interrogatory seeks information not within its possession custody or control.

Plaintiff Estate does not have all of the information sought by Defendants. Subject to and without waiving these objections, Plaintiff states that it does not have access to all of Mr. Burnett's social media accounts and does not have sufficient information available to determine whether any content was deleted or restricted. Plaintiff Estate directs Defendants to the following known social media accounts:

Facebook:   Chad Burnett-Borchert
Facebook:   Chaz Pro Bike Fit

**FIRST SUPPLEMENTAL RESPONSE:**

Without waiving the objections above, Plaintiff supplements this Response as follows:

Instagram:   Burnettc6
Twitter:     burnett_chad

23.     **Are there any other damages that you attribute to the DECEDENT's death? If so, for each item of damage state the nature and amount of the claimed damages and describe how those damages were determined.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this interrogatory to the extent that Defendants are requesting Plaintiff provide exact amount or calculation of non-economic damages, including emotional distress and punitive     damages.     "Courts     have     held     that     because     emotional     suffering

is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)." *Anderson v. United Parcel Serv., Inc.*, No. CIV.A. 09-2526, 2010 WL 4822564, at *10 (D. Kan. Nov. 22, 2010); *see also Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (upholding damages award for emotion distress even though plaintiff had been unable to quantify them in discovery). Similarly, courts frequently deny motions to compel computations of punitive damages for the same reasons. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) ("[D]istrict courts have frequently denied motions to compel computations of emotional distress and punitive damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'" (collecting cases)); see also *E.E.O.C. v. General Motors Corp.,* Civ. No. 3:06-cv-19, 2009 WL 910812, *3, n.1 (S.D. Miss. Apr. 1, 2009) (finding that a claim for punitive damages is an issue for the jury and not amenable to a specific calculation under Rule 26). Plaintiff further objects on the grounds that Defendants' interrogatory is overbroad and unduly burdensome to respond to, in addition to encroaching on work product protections.

Subject to and without waiving their objections, Plaintiff Estate claims all recoverable types of non-economic damages. Plaintiff Estate has suffered injuries and losses, including the death of Mr. Burnett, entitling it to recover his compensatory and special damages, including, but not limited to, for loss of constitutional rights, loss of life, loss of relationships, loss of enjoyment of life, medical expenses, and his herein described horrific and terrifying pain and suffering during and leading up this fatal event, permanent lost earnings and earnings capacity for the expected productive working lifetime of Mr. Burnett, who owned his own cycling company under the mortality tables and other special damages, all in amounts to be proven at trial.

24.     **Please provide the name of DECEDENT's cell phone service provider(s) and DECEDENT's associated cell phone number(s) include voice-over-internet-protocol (VoIP) based phone service.**

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff Estate states that it does not know Mr. Burnett's cell phone providers. Mr. Burnett had the following phone numbers: (719) 351-0630 and (719) 301-7480. The phones remain in Defendants' custody and control.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      **Copies of all DOCUMENTS described in the responses to INTERROGATORIES**

### PLAINTIFF'S RESPONSE TO RFP 1:

Plaintiff has already produced all documents currently in his possession that support his answers, including any documents referenced or relied upon in answering, to Defendants' First Set of Interrogatories. Plaintiff will produce additional responsive documents in its possession, custody or control, of which Plaintiff is currently aware or as those documents are identified.

2.      **A copy of any audio or video recordings or photographs of any part of the INCIDENT or related in any way to the INCIDENT or the claims you have made in this matter, other than those made by the Defendants.**

### PLAINTIFF'S RESPONSE TO RFP 2:

Plaintiff has produced all audio or video recordings or photographs supporting Plaintiff's claims currently in its possession. Plaintiff will produce additional responsive documents as they are identified or made available.

3.      **A copy of any correspondence, email, text, or other communication you have had with anyone, except a licensed attorney, regarding any aspect of the INCIDENT.**

### PLAINTIFF'S RESPONSE TO RFP 3:

Plaintiff objects to this request insofar as it requests the production of documents not within the possession, custody, or control of Plaintiff. Plaintiff also objects insofar as the request is overly broad, unduly burdensome, and seeks production of documents and communications disproportionate to the needs in the case. Plaintiff further objects on the grounds that Defendants' request that Plaintiff produce any correspondence "regarding any aspect of the INCIDENT" is vague and ambiguous.

22

Plaintiff is not withholding any documents based on these objections. Subject to and without waiving this objection, Plaintiff has not communicated via email with any individuals relating to, concerning, or evidencing the circumstances and factual allegations described in the Complaint. Plaintiff will produce any additional responsive, non-privileged documents in its possession, custody or control, of which Plaintiff is currently aware or as those documents are identified.

4.      **Please provide a copy of all social media, networking, online forum or blog site communications in any form (including but not limited to status updates, wall comments and postings, profiles, activity streams, blog entries) you or others have made since the INCIDENT related to the INCIDENT.**

<u>**PLAINTIFF'S RESPONSE TO RFP 4:**</u>

Plaintiff objects to this request insofar as it is overly broad, unduly burdensome, and seeks production of documents and communications disproportionate to the needs of the case. Plaintiff cannot be expected to produce all social media sites in existence related to the incident, or all online communications others have made. Plaintiff also objects on the grounds that, insofar as social networking sites are publicly accessible, Defendants are equally able to collect the requested content. Plaintiff is not withholding any documents based on these objections, as none are in Plaintiff's custody or control.

5.      **Copies of the DECEDENT's personal and business Federal and State income tax returns, including all attachments filed with such returns, for ten (10) years up to May 24, 2020. If the prior returns are not available, provide a signed original of the releases for federal and state income tax returns attached to this request.**

<u>**PLAINTIFF'S RESPONSE TO RFP 5:**</u>

Plaintiff Estate objects to this request as temporally overbroad and seeks information not

within Plaintiff Estate's possession, custody, or control. Plaintiff Estate also objects insofar as the request is overly broad, unduly burdensome, and seeks production of documents and communications disproportionate to the needs of the case. Plaintiff is not withholding any responsive documents based on these objections.

Subject to and without waiving these objections, Plaintiff Estate states that it does not have Mr. Burnett's personal and business Federal and State income tax returns for the ten years preceding his death. Plaintiff Estate has requested Mr. Burnett's tax records for three years preceding his death and will provide any additional responsive records as they are identified or made available. Plaintiff Estate is providing the tax returns filed on behalf of the Estate in 2020.

6.    **Copies of any statements from any Person identified in your Fed. R. Civ. P. 26(a) disclosures, and all supplements thereto, related in any way to the INCIDENT.**

**PLAINTIFF'S RESPONSE TO RFP 6:**

Plaintiff objects to this interrogatory on the grounds that it encroaches on the work-product doctrine and to the extent that it seeks information not in Plaintiff's possession, control, or custody. Plaintiff is not withholding any responsive documents based on these objections and will produce additional responsive documents as they are identified or made available.

7.    **A copy of the complete file, to include but not limited to health histories, treatment notes, test results, records from other providers and billing files from any HEALTH CARE PROVIDER who treated the DECEDENT for any condition in the ten (10) years prior to his death on May 24, 2020.  This request contemplates the complete unredacted file of the HEALTH CARE PROVIDER or, if there is a court order or law permitting redaction, a privilege log for any redacted portions of the file consistent with the court order or law permitting redaction. (For any HEALTH CARE PROVIDER for which you provide**

an executed medical release in the form provided herein you may disregard this Request for purposes of that HEALTH CARE PROVIDER.)

**PLAINTIFF'S RESPONSE TO RFP 7:**

Plaintiff objects to this request on the grounds that health information dating back ten years is temporally overbroad and unduly burdensome. Plaintiff has produced all medical records currently in its possession and has not withheld any documents based on its objections. Plaintiff will produce additional responsive documents as they are identified or made available.

8.     **Signed and notarized originals of the attached authorizations (compliant with 45 CFR §508 et seq., HIPAA, if applicable) for DECEDENT's medical records. In the alternative, for any of the documents for which you refuse to provide one or more of the requested release authorizations, produce true and correct copies of any and all discoverable documents within those categories. Note: for any documents withheld on the basis of any privilege, you must submit a detailed privilege log as described in the instructions.**

**PLAINTIFF'S RESPONSE TO RFP 8:**

Plaintiff objects to the temporal scope of Defendants' releases.  Plaintiff further objects to providing releases which would give Defendants unfettered access to Mr. Burnett's private health and financial information. Plaintiff is withholding the signed releases provided by Defendants based on these objections. Plaintiff has independently requested records and will produce additional non-privileged responsive documents as they are identified or made available.

9.     **Copies of any of DECEDENT's social media accounts, including profiles, content, posts, messages, and photographs.**

**PLAINTIFF'S RESPONSE TO RFP 9:**

Plaintiff objects to this request insofar as it is overly broad, unduly burdensome, and seeks

production of documents and communications disproportionate to the needs of the case. Plaintiff also objects on the grounds that, insofar as social networking sites are publicly accessible, Defendants are equally able to collect the requested content. Plaintiff is not withholding any documents based on these objections.

Subject to and without waiving these objections, Plaintiff states that it does not have access to all of Mr. Burnett's social medica accounts and can only access what is available to the public. Therefore, Plaintiff Estate does not have Mr. Burnett's messages, photographs, content, or posts.

10. **A copy of DECEDENT's Death Certificate.**

**PLAINTIFF'S RESPONSE TO RFP 10:**

Plaintiff has requested a copy of Mr. Burnett's Death Certificate and will produce it as it is made available.

11. **A copy of DECEDENT's Google account contents obtained pursuant to Magistrate Judge Rahaman's Order dated October 13, 2021, in case 2020PR30603.**

**PLAINTIFF'S RESPONSE TO RFP 11:**

Plaintiff objects to this request insofar as it is overly broad, unduly burdensome, and seeks production of documents and communications that are not relevant and are disproportionate to the needs of the case. Information that may have been relevant to the disputes in the probate matter are not relevant to this matter. Plaintiff Estate is not withholding documents based on these objections, as Plaintiff was not able to access the google account contents after providing Google with a Court Order.

12. **A copy of any correspondence, email, text, or other communication between you and the DECEDENT from May 24, 2019 to May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFP 12:**

Plaintiff objects to this request insofar as it is overly broad, unduly burdensome, and seeks production of documents and communications that are not relevant and are disproportionate to the needs of the case. Plaintiff is not withholding documents based on these objections and provides screenshots of messages between Mr. Burnett and the Estate Personal Representative, Millicent Kay Spears.

13.   **Copies of any documents, other than documents between you and your attorney, which discuss, describe, or address the INCIDENT or damages and/or injuries you allege to have received in the INCIDENT.**

**PLAINTIFF'S RESPONSE TO RFP 13:**

Plaintiff has provided all responsive documents in its possession and control and will produce additional responsive documents as they are identified and made available.

14.   **Copy of statements from DECEDENT's personal and/or any business or corporation that Decedent was an officer or agent from any financial institution, including bank/credit union accounts, investment accounts, and cryptocurrency accounts, for ten (10) years up to May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFP 14:**

Plaintiff is providing account statements currently in its possession. Plaintiff will produce additional responsive documents as they are identified or made available.

## RESPONSES TO REQUESTS FOR ADMISSION

1.     **Admit that DECEDENT resisted officers' efforts to walk him out of the house on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 1:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Subject to and without waiving this objection, Plaintiff denies.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 1:** Plaintiff objects to this Request on the grounds that the term 'resisted' is ambiguous and susceptible to multiple meanings. Plaintiff admits that that as officers attempted to carry Mr. Burnett through the threshold of his house, Mr. Burnett braced himself**.** To the extent that further response is required, Plaintiff denies.

2.     **Admit that DECEDENT died from cardiac hypertrophy with myocardial fibrosis.**

**PLAINTIFF'S RESPONSE TO RFA 2:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Plaintiff further objects on the grounds that this Request seeks a medical opinion, which Plaintiff is not qualified to give. Subject to and without waiving this objection, Plaintiff denies and further states that the records in this case speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 2:** Plaintiff admits that the El Paso County Coroner report says it is the coroner's opinion that Mr. Burnett "died as a result of sudden death associated with physical altercation, taser deployment, cardiac hypertrophy with myocardial fibrosis, and bipolar disorder featuring acute episode." To the extent that further response is required, Plaintiff denies. Plaintiff has not yet obtained all the underlying records related

to Mr. Burnett's cause of death to have a medical expert review them.

3.     **Admit that DECEDENT did not die from positional asphyxiation.**

**PLAINTIFF'S RESPONSE TO RFA 3:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Plaintiff further objects on the grounds that this Request seeks a medical opinion, which Plaintiff is not qualified to give. Subject to and without waiving this objection, Plaintiff denies.

4.     **Admit that DECEDENT was unemployed on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 4:** Plaintiff denies.

5.     **Admit that DECEDENT's neighbor called 911 after witnessing DECEDENT threaten her husband with a knife.**

**PLAINTIFF'S RESPONSE TO RFA 5:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Subject to and without waiving this objection, Plaintiff denies Defendants' characterization and states that the records and audio recordings in this matter speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 5:** Plaintiff admits.

6.     **Admit that another neighbor called 911 to report she also had seen DECEDENT on the street with a knife.**

**PLAINTIFF'S RESPONSE TO RFA 6:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Subject to and without waiving this objection, Plaintiff denies

Defendants' characterization and states that the records and audio recordings in this matter speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 6:** Plaintiff admits.


7.      **Admit that as officers attempted to handcuff him, DECEDENT tensed his arms.**

**PLAINTIFF'S RESPONSE TO RFA 7:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Subject to and without waiving this objection, Plaintiff states that the video recordings in this matter speak for themselves. Plaintiff admits this statement is consistent with the allegations of the Complaint.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 7:** Plaintiff admits that the available video recordings are not inconsistent with Mr. Burnett tensing his arms as officers attempted to handcuff him. To the extent further response is required Plaintiff is unable to admit or deny. Plaintiff has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny. Mr. Burnett is dead, and Plaintiff has not yet taken the depositions of the officers who attempted to handcuff Mr. Burnett and has not yet conducted other discovery relating to Mr. Burnett's arrest.

8.      **Admit that as officers carried DECEDENT through the threshold of his house, DECEDENT braced himself to prevent them from removing him from his house.**

**PLAINTIFF'S RESPONSE TO RFA 8:** Plaintiff objects to this Request because it is incomplete and requests Plaintiff to admit an isolated fact without providing appropriate context to how the fact relates to other facts. Subject to and without waiving this objection, Plaintiff states that the video recordings in this matter speak for themselves. Plaintiff admits this statement consistent

with the allegations of the Complaint.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 8:** Plaintiff admits.

9. **Admit that DECEDENT refused assistance from CSPD's Crisis Intervention Team in the weeks prior to May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 9:** Plaintiff objects to this Request on the grounds that it seeks information not relevant to the case. Subject to and without waiving this objection, Plaintiff is without sufficient information to admit or deny, and therefore denies the same.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 9:** Plaintiff further states it has made reasonable inquiry into the documents produced reflecting the call histories to Mr. Burnett's residence, and the information available does not enable Plaintiff to admit or deny.

10. **Admit that DECEDENT was not taking any medication to treat his mental health conditions on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 10:** Plaintiff objects to this Request as inappropriate and on the grounds that it seeks information not relevant to the case. Defendants had no knowledge of whether Mr. Burnett was taking medication when they unlawfully entered his home and used excessive force. Subject to and without waiving these objections, Plaintiff is without sufficient information to admit or deny, and therefore denies the same.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 10:** Plaintiff further states that it has made reasonable inquiry, and the available evidence, including the toxicology report and Mr. Burnett's prescribed medications, do not enable Plaintiff to admit or deny.

11. **Admit that DECEDENT consumed alcohol on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 11:** Plaintiff objects to this Request on the grounds that it seeks information not relevant to the case. Subject to and without waiving this objection, Plaintiff

31

is without sufficient information to admit or deny, and therefore denies the same. Plaintiff further states that the records in this matter speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 11:** Plaintiff admits that the report of El Paso County Coroner's Office states that, at the time of his autopsy, Mr. Burnett had Ethanol in his system 91mg/dL vitreous and 76mg/dL liliac blood sample. To the extent further response is required, Plaintiff is unable to admit or deny after reasonable inquiry.  Plainiff has not yet obtained all the underlying records related to Mr. Burnett's cause of death, nor has Plaintiff had the opportunity to have a medical expert review them.

12.      **Admit that DECEDENT had 12.4 ng/ml of tetrahydrocannabinol ("THC") in his blood on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 12:** Plaintiff objects to this Request on the grounds that it seeks information not relevant to the case. Plaintiff further objects on the grounds that this Request seeks a medical opinion, which Plaintiff is not qualified to give. Subject to and without waiving these objections, Plaintiff is without sufficient information to admit or deny, and therefore denies the same. Plaintiff further states that the records in this matter speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 12:** Plaintiff admits that the El Paso County Coroner report says Mr. Burnett had 12.4 ng/mL of THC in his blood sample on May 26, 2020, when the autopsy was performed.

13.      **Admit that DECEDENT was 80 inches tall on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 13:** Plaintiff states that the records in this matter speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 13:** Plaintiff admits.

14.      **Admit that DECEDENT weighed 220 lbs. on May 24, 2020.**

**PLAINTIFF'S RESPONSE TO RFA 14:** Plaintiff states that the records in this matter speak for themselves.

**PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO RFA 14:** Plaintiff states that reasonable inquiry into the readily obtainable information available, including the coroner's report and other patient care reports listing Mr. Burnett's weight for May 24, 2020, does not provide sufficient information to enable Plaintiff to admit or deny.

Dated this 20th day of December 2022.

Rathod | Mohamedbhai LLC

*s/ Ciara M. Anderson*
Ciara M. Anderson
Felipe Bohnet-Gomez
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400 (phone)
(303) 578-4401 (facsimile)
ca@rmlawyers.com
fbg@rmlawyers.com
*Attorneys for Plaintiff*