**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-1708-WJM-MDB

ESTATE OF CHAD ALEXANDER BURNETT,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, a municipality;
SERGEANT MICHAEL INAZU, in his individual capacity;
OFFICER JOSEPH DAIGLE, in his individual capacity;
OFFICER MATTHEW FLEMING, in his individual capacity; and
OFFICER CAROLINE BARTH, in her individual capacity,

    Defendants.

---

**PLAINTIFF'S MOTION TO LIMIT THE EXPERT OPINION TESTIMONY OF
ROBERT E. KLEINMAN, M.D., P.C.**

---

Plaintiff, through its attorneys, respectfully moves this Court for an order excluding the testimony of Robert E. Kleinman, the Defendants' proffered psychiatry expert. In support thereof, Plaintiff states as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for Defendants regarding the relief sought herein. Defendants oppose the motion.

### INTRODUCTION

This is a civil rights case under 42 U.S.C. § 1983. At issue is whether Defendants Michael Inazu, Joseph Daigle, Matthew Flemming, and Caroline Barth (now Romine) violated Chad Burnett's civil rights when they entered his house without a warrant, used excessive force, and

failed to provide him medical care, as well as whether the City of Colorado Springs is liable under *Monell.* Although the details of Mr. Burnett's childhood, school history, job history, mental health history, and medical history are not on trial, Defendants have retained psychiatrist Robert Kleinman as an expert to render post-mortem diagnoses and opinions about Mr. Burnett. **Ex. 1-A,** *Kleinman Report*,[1] **Ex. 2,** *Kleinman Rebuttal Report.* Several categories of proffered testimony provided by Kleinman are inadmissible, including Kleinman's narrative on: Mr. Burnett's personal life (**Ex. 1-A,** at 4-6); substance abuse and mental illness (*id.* at 6); the 2019 death of Mr. Burnett's mother and stepfather (*id.* at 6-7, 24, 51-53); his prescribed medications (*id.* at 6-7, 22); his criminal history (*id.* at 8-14); details of the coroner's report and interviews (*id.* at 16-17); Mr. Burnett's detailed medical, dental, and mental health records (*id.* at 17-22); employment history and social media accounts (*id.* at 22); interactions with law enforcement between 1989 and 2020 (*id.* at 23, 26-33); or re-counting of evidence unknown to the officers on May 24, 2020 (*id.* at 44-51). In addition, the assessment and "opinions" provided by Kleinman are inadmissible. *Id.* at 54-57; **Ex. 2,** at 7-8.  In short, Kleinman's proffered testimony is improper and prejudicial character evidence masquerading as expert testimony.

## LEGAL STANDARD

A proffered expert witness must be qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "If the expert is sufficiently qualified, the district court must then consider whether the expert's opinion is both relevant and reliable." *Taber v. Allied Waste Sys., Inc.*, 642 F. App'x 801, 807 (10th Cir. 2016). Specifically, relevance and reliability requires considering "if: (a) the expert's scientific, technical, or other specialized knowledge will help the

---

[1] To avoid any confusion, Plaintiff refers to exhibit numbers as they were produced by Defendants.

trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Under the framework established by Rule 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), district courts perform a "gatekeeping" function to ensure that Rule 702 is met by assessing if "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Courts may exclude an expert's proffered testimony under Rule 403 if the probative value of the proffered testimony "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As the proponent of the expert testimony, Defendants "bear[] the burden of showing that [his] proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## ARGUMENT

### I. Kleinman's Opinions Must Be Excluded Pursuant to F.R.E. 702

Kleinman's opinions are not "based on sufficient facts or data" or "the product of reliable principles and methods." Fed.R.Ev. 702. The defendant must "show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Mitchell v. Gencorp, Inc.,* 165 F.3d

3

778, 781 (10th Cir. 1999). "Without stating the facts upon which his subjective conclusions are based, [Kleinman's] report contains nothing more than *ipse dixit*, making it nearly impossible for the trial court to evaluate his opinion pursuant to Fed.R.Evid. 702." *Henderson v. National R.R. Pass. Corp.* 412 Fed. App'x. 74, 80 (10th Cir. 2011) (upholding district court's decision to grant motion to strike expert report on the basis that it contained conclusions unaccompanied by factual predicates). Here, Kleinman's report and its opinions are not reliable and must be excluded.

Kleinman purports to render a number of opinions, including a purported psychiatric diagnosis of Mr. Burnett, that Mr. Burnett's "agitated, irrational state with violent and threatening behavior led to the events of 05/24/2020," that Mr. Burnett was "threatening and dangerous," that he "could not be de-escalated," and that Defendants "appropriately intervened using the minimal force required to restrain Mr. Burnett." **Ex. 1-A,** at 57. None of Kleinman's opinions survive 702 scrutiny, and consequently they must be excluded in their entirety.

To begin with, Kleinman's report is completely devoid of any evidence of the methodology that he utilized as the basis for his opinions, and further devoid of any evidence of how Kleinman applied his methodology to the facts and data he was presented with by defendants. The report fails to establish that Kleinman's methodology can and has been tested, has been subjected to peer review, has a known or potential rate of error, or is generally accepted in any community. Kleinman provides no evidence in his report of his methodology, and he provides no evidence of the reliability of the methodology he utilized. Many of his purported opinions, such as those regarding the appropriateness of the force used, are plainly outside the scope of his education, training, or experience.

In addition, Kleinman is a psychiatrist and member of the American Psychiatric Association (APA). **Ex. 1-C,** *Kleinman Resume.* The APA's well-known ethics rules, however, provide that "it is unethical for a psychiatrist to offer a professional opinion unless he or she has conducted an examination" of an individual. American Psychiatric Association, Principles of Medical Ethics, Section 7(3) (available at: https://www.psychiatry.org/File%20Library/Psychiatrists/Practice/Ethics/principles-medical-ethics.pdf). Kleinman never examined Mr. Burnett. Thus, his psychiatric opinions of Mr. Burnett's mental state are not based on a recognized or generally accepted methodology. To the contrary, the governing professional community in his field has deemed it unethical to purport to render professional opinions on an individual a psychiatrist has never examined. Consequently, Kleinman's opinions must be excluded under Rule 702.

Kleinman also makes several assumptions that are not supported by the record. For example, Kleinman claims that medical providers who actually evaluated Mr. Burnett while he was alive did not have correct information and therefore mis-diagnosed Mr. Burnett. **Ex. 1-A,** at 19. In discrediting Mr. Burnett's medical providers, Kleinman then reaches his own diagnoses of Mr. Burnett, despite never evaluating or meeting him. *See e.g., id.* at 21 (claiming a more accurate diagnosis is Bipolar I, as opposed to Bipolar II).

Additionally, when, as here, the factual narratives in an expert report are not accompanied by any reference to "reliable principles and methods" under Rule 702, the entire focus of their expert's testimony changes from assisting the trier of fact by supplying "scientific, technical, or other specialized knowledge" to simply telling the jury what facts to believe. When expert "testimony descends to a discussion of specific events recounted by others, the expert is merely adding 'unmerited credibility to the sources ... and summarizing evidence in a way that should be

5

reserved for the government's closing argument." *United States v. Garcia*, 793 F.3d 1194, 1213 (10th Cir. 2015) (quoting *United States v. Mejia*, 545 F.3d 179, 192 (2d Cir. 2008)).

The decision in *Shirar v. Guerrero*, No. EDCV 13-906 JGB (DTBx), 2017 WL 6001270, at *7-10 (C.D. Cal. Aug. 2, 2017), is instructive. In *Shirar,* a licensed psychologist for the defense in an officer-involved shooting was excluded because it was unreasonable to infer chronic past substance abuse based solely on the presence of the prescription drug oxycontin in the victim's bloodstream at the time of his death. Additionally, the Court found that inferring multiple suicide attempts was too conjectural to survive *Daubert* scrutiny. *Id.* at *8. Similarly, here, Kleinman's opinions about whether Mr. Burnett was taking medication, drinking alcohol, or using cannabis should be excluded because the opinion is conjecture based on unreliable sources, such as there being pills left in Mr. Burnett's prescription bottles and a minimal amount of substances in his system at the time of his death. Additionally, opinions that Mr. Burnett was at risk of suicide cannot survive *Daubert* scrutiny. *See* **Ex. 2,** at 7.

**II.     Kleinman's Opinions Should Also Be Excluded Because They Will Not Be Helpful to the Jury**

In addition to establishing that Kleinman is qualified to render his opinions and that his opinions are based upon reliable methodology, Defendants must also prove that Kleinman's opinions will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Determining whether proposed expert testimony will "assist the trier of fact" under Rule 702 remains an integral part of "a court's gatekeeping inquiry," because that inquiry "'must be tied to the facts of a particular case.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). "Expert testimony, like any other evidence, is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test." *Thompson v. State Farm Fire and Casualty Co.,* 34 F.3d 932, 940-

41 (10th Cir. 1994) (internal citation omitted). Kleinman's proffered opinions are not tied to the facts of the case, as they are based entirely on information unknown to the defendant officers on May 24, 2020. Specifically, it was unknown to Defendants that Mr. Burnett "had lifelong mental illness, specifically Bipolar 1 disorder," "had a history of polysubstance use disorder," "had cannabis use disorder and was using cannabis at the time of his death," "had alcohol use disorder," that his "mental health deteriorated in 2019 and 2020, triggered by several factors," or had an "exacerbation of his Bipolar 1 disorder in the months before his death." **Ex. 1-A,** at 56-57. As a result, none of these proffered opinions will assist the trier of fact in reaching a conclusion on the ultimate issues in the case. What's more, Kleinman's evidence also does not pass the muster of Rule 403 balancing, as it is unfairly prejudicial character evidence of a deceased man who cannot testify in his own defense, confuses the issues, and will mislead the jury from the ultimate issues of the case.

### III.     Kleinman's Opinions Are Improper Character Evidence

Defendants seek to introduce Kleinman's proffered testimony to improperly try to impugn Mr. Burnett's character and paint his death as deserving. Indeed, Kleinman's report goes to great pains to paint Mr. Burnett as a bad person. Rule 404 provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion..." None of the exceptions to Rule 404 are applicable. Evidence of Mr. Burnett's mental health history and personal life, as detailed in Kleinman's reports (*see generally* **Ex. 1-A, Ex. 2**), cannot be used in any manner to negatively attack or malign Mr. Burnett's character and should be excluded.

7

## **CONCLUSION**

Defendants should not be permitted to derogate Mr. Burnett by backchanneling improper character evidence through Kleinman's proffered testimony. Kleinman's report does not meet the admissibility requirements of Fed. R. Evid. 702 and the *Daubert* trilogy of cases. Simply stated, defendants cannot meet its burden of proof to establish the admissibility of Kleinman's report and the opinions expressed therein are not relevant and will not assist the trier of fact. Similarly, Kleinman's proffered testimony fails to satisfy numerous other evidentiary concerns.

Dated this 22nd day of December, 2023.

                                                Respectfully Submitted,

                                                RATHOD | MOHAMEDBHAI LLC

                                                *s/ Ciara M. Anderson*
                                                Ciara M. Anderson
                                                Felipe Bohnet-Gomez
                                                Matthew Cron
                                                2701 Lawrence Street, Suite 100
                                                Denver, Colorado 80205
                                                (303) 578-4400
                                                ca@rmlawyers.com
                                                fbg@rmlawyers.com
                                                mc@rmlawyers.com