**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 21-cv-1708-WJM-MDB

ESTATE OF CHAD ALEXANDER BURNETT,

      Plaintiff,

v.

CITY OF COLORADO SPRINGS, a municipality;
SERGEANT MICHAEL INAZU, in his individual capacity;
OFFICER JOSEPH DAIGLE, in his individual capacity;
OFFICER MATTHEW FLEMING, in his individual capacity; and
OFFICER CAROLINE BARTH, in her individual capacity,

      Defendants.

---

**RENEWED <u>UNOPPOSED</u> MOTION TO VACATE TRIAL AND
FINAL PREPARATION CONFERENCE**

---

Defendants, Sergeant Inazu, Officer Daigle, Officer Fleming, Officer Barth and the City of Colorado Springs move to vacate trial, the Final Preparation Conference and associated deadlines.

1. Undersigned counsel certifies that they have conferred with opposing counsel pursuant to D.C.Colo.LCivR 7.1(A). Counsel for Plaintiff is <u>unopposed</u> to the relief sought herein.

2. On June 17, 2024, the Court scheduled a 9-day jury trial to commence on May 12, 2025. (ECF #108).

3. On the same date, a Final Preparation Conference was scheduled for April 25, 2025. (*Id.*).

4. On February 7, 2025, Defendants filed their Notice of Appeal of the Orders on Summary Judgment (ECF Nos. 110 and 111). (ECF No. 114).

5.  Filing a Notice of Appeal generally removes jurisdiction from the district court and vests jurisdiction with the Circuit Court. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The denial of qualified immunity is subject to interlocutory appeal for abstract issues of law. *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996). The Court of Appeals may exercise pendent jurisdiction over the denial of the City's Motion for Summary Judgment when the appeal is "inextricably intertwined" with the officers' appeal. *Moore v. City of Wynnewood*, 57 F.3d 924, 929-30 (10th Cir. 1995). Defendants' appeal will challenge the determination on both prongs of the qualified immunity inquiry—whether officers violated the law and whether the law was clearly established. A claim against a municipality may only be maintained if an underlying violation is shown. *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1186 (10th Cir. 2020). The appeals are inextricably intertwined. The officers' claim of qualified immunity is "effectively lost if the case erroneously goes to trial." *Helton v. Clements*, 787 F.2d 1016, 1017 (10th Cir. 1986); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (same).

6.  On February 20, 2025, Defendants filed an unopposed Motion to Vacate Trial and the Final Preparation Conference. (ECF No. 116). This Court denied the motion without prejudice noting it could be re-raised on or after March 24, 2025 unless the Tenth Circuit took action which would allow the conference and trial to proceed. (ECF No. 117). To date, the Tenth Circuit has taken no such action.

WHEREFORE, for the foregoing reasons, Sergeant Inazu, Officers Fleming, Daigle, Barth and the City of Colorado Springs respectfully request that this Honorable Court enter an order vacating trial and the Final Preparation Conference.

Respectfully submitted this 24th day of March, 2025.

2

OFFICE OF THE CITY ATTORNEY
Wynetta P. Massey, City Attorney


*/s/ W. Erik Lamphere*
W. Erik Lamphere, Division Chief
Martha E. McKinney, Senior Attorney
30 S. Nevada Ave., Suite 501
Colorado Springs, Colorado 80903
Telephone: (719) 385-5909
Facsimile: (719) 385-5535
erik.lamphere@coloradosprings.gov
martha.mckinney@coloradosprings.gov
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 24th day of March, 2025, I electronically filed the foregoing **RENEWED UNOPPOSED MOTION TO VACATE TRIAL AND FINAL PREPARATION CONFERENCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following via email:

Felipe Bohnet-Gomez (fbg@rmlawyers.com)
Siddhartha H. Rathod (sr@rmlawyers.com)
Ciara M. Anderson (ca@rmlawyers.com)
Matthew J. Cron (mc@rmlawyers.com)
*Attorneys for Plaintiff*

*/s/ Eri Howard*
Eri Howard, Legal Secretary

3